FILED
US DISTRICT COURT
WESTERN DISTRICT
OF ARKANSAS
Mar 12, 2018
OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JIMMY L. BROWN                                                                                   PLAINTIFFS

v.                                        No. 18-4033

MARKEL AMERICAN INSURANCE COMPANY                                   DEFENDANTS

## NOTICE OF REMOVAL

Markel American Insurance Company ("MAIC") hereby removes this action from the Circuit Court of Hempstead County, Arkansas, to the United States District Court for the Western District of Arkansas, Texarkana Division, pursuant to 28 U.S.C. §§ 1441. In support of removal, MAIC states:

1. On January 30, 2018, plaintiff filed a complaint in the Circuit Court of Hempstead County, Arkansas, styled *Jimmy L. Brown v. Markel American Insurance Company*, Case Number 29CV-18-20-2.

2. Plaintiff served the complaint and summons on MAIC on February 14, 2018.

3. This notice of removal is filed timely. *See* 28 U.S.C. § 1446(b).

4. Attached to this notice as Exhibit A are copies of the complaint filed in the state-court action, the summons, and proof of service. No other process, pleadings, or order has been served by or on MAIC in the state-court action. *See* 28 U.S.C. § 1446(a).

5. This action is removable pursuant to 28 U.S.C. § 1441 because this Court has diversity jurisdiction under 28 U.S.C. § 1332.

6. Under 28 U.S.C. § 1332, diversity jurisdiction exists where the matter in controversy exceeds the sum or value of $75,000, exclusive of costs and interest, and is between citizens of different states.

7.     Complete diversity exists between the parties. Plaintiff is a citizen of Arkansas. MAIC is a registered Virginia corporation with its principal office in Wisconsin.

8.     The amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff alleges MAIC failed to perform its obligations under the Motorcycle Insurance Policy executed by plaintiff on July 29, 2014, and he seeks the full value of the loss under the policy agreement. *See* Compl. ¶¶ 19-24. Under Ark. Code Ann. § 23-89-209, "[u]nderinsured motorist coverage shall be at least equal to the limits prescribed for bodily injury or death under [Ark. Code Ann.] § 27-19-605," or $25,000 for each person in addition to $25,000 for destruction of property. Plaintiff seeks a 12% statutory penalty and attorneys' fees. *See* Compl. ¶ 324; Ark. Code Ann. § 23-79-208(a). Statutory penalties and attorneys' fees are included in the calculation for purposes of diversity jurisdiction. Ark. Code Ann. § 23-79-208. "That the 12% Damages addition . . . is includable in computing the amount in controversy, and is not to be relegated to the category of costs excludable by the very terms of 1332, is apparent[.]" *Peacock & Peacock, Inc. v. Stuyvesant Ins. Co.*, 332 F.2d 499, 502 (8th Cir. 1964) (citation omitted) (also including attorneys' fees in the jurisdictional amount). A 40% contingency, moreover, has been held to be a reasonable estimate of attorney's fees at this stage in litigation. *See, e.g.*, *Basham v. Am. Nat. Cty. Mut. Ins. Co.*, 979 F.Supp. 2d 883, 889-90 (W. D. Ark. 2013) (applying a 40% contingency as a reasonable estimate of attorney's fees). When aggregated, the amount in controversy exceeds the threshold for diversity jurisdiction:

    a. Bodily Injury: $25,000

    b. Property Damage: $25,000

    c. Statutory Penalty: $6,000

    d. Attorneys' Fees: $22,400

    e. TOTAL: <u>$78,400</u>

9. Plaintiff alleges that his damages do not exceed $75,000. *See* Compl. ¶ 27. However, plaintiff does not stipulate that all forms of recovery available and used to assess diversity jurisdiction to him are less than $75,000. *See, e.g.*, *Chancellor v. State Farm Mut. Auto. Ins. Co.*, No. 08-6065, 2008 WL 11337448, at *2 (W.D. Ark. Aug. 18, 2008) (explaining that the Court may consider damages, any statutory penalty, and attorneys' fees, among other items, in calculating damages). Attorneys' fees are not "damages." *See Powell v. State Farm Fire & Cas. Ins. Co.*, No. 09-CV-4025, 2009 WL 3924768, at *2 (W.D. Ark. Nov. 17, 2009), on reconsideration, No. 09-CV-4025, 2010 WL 379643 (W.D. Ark. Jan. 27, 2010) (differentiating between attorneys' fees and damages in discussion of amount in controversy). And, although the damages at issue here ($56,000) are insufficient to vest the Court with diversity jurisdiction, the addition of attorneys' fees pushes this case over the threshold. The amount in controversy exceeds the amount required for diversity jurisdiction.

10. MAIC will serve on counsel for plaintiff a true and correct copy of this notice of removal. *See* 28 U.S.C. § 1446(d).

11. MAIC will file with the Circuit Court of Hempstead County, Arkansas, a true and correct copy of this notice of removal. *See id.*

12. Because this notice of removal is neither a responsive pleading nor a motion under Rule 12 of the Federal Rules of Civil Procedure, MAIC has not waived the right to assert

any applicable defenses merely by removing this action from state court.  After removal of a case from state court to a federal district court, the action is governed by the Federal Rules of Civil Procedure.  *Nationwide Eng'g & Control Sys., Inc. v. Thomas*, 837 F.2d 345, 348 (8th Cir. 1988); Fed. R. Civ. P. 81(c)(1).  Federal Rule of Civil Procedure 12 provides that every defense to a claim for relief in any pleading shall be asserted in the responsive pleading or by motion.  *See* Fed. R. Civ. P. 12(b).  MAIC did not file a responsive pleading or a motion asserting defenses in the Circuit Court of Hempstead County, Arkansas.

WHEREFORE, Markel American Insurance Company hereby removes this action to this Court for further proceedings according to law.

>QUATTLEBAUM, GROOMS & TULL PLLC
>111 Center Street, Suite 1900
>Little Rock, AR  72201
>Telephone: (501) 379-1700
>Facsimile: (501) 379-1701
>cchiles@qgtlaw.com
>jfalasco@qgtlaw.com
>sdeloach@qgtlaw.com
>
>By: /s/ Joseph R. Falasco
>E.B. Chiles IV (96179)
>Joseph R. Falasco (2002163)
>Sarah E. DeLoach (2015235)
>
>*Attorneys for Markel American Insurance Company*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on March 12, 2018, a true and correct copy of the foregoing was served by U.S. mail, postage prepaid, on the following:

Jim A. Burke
Montgomery Law Firm, PLLC
200 S. Elm
P.O. Box 785
Hope, Arkansas 71802

*Attorney for Plaintiff*

                                                _____
                                                Joseph R. Falasco

## **CERTIFICATE OF SERVICE**

    I hereby certify that on March 12, 2018, a true and correct copy of the foregoing was served by U.S. mail, postage prepaid, on the following:

Jim A. Burke
Montgomery Law Firm, PLLC
200 S. Elm
P.O. Box 785
Hope, Arkansas 71802

*Attorney for Plaintiff*

_____
Joseph R. Falasco