IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JIMMY L. BROWN                                                    PLAINTIFFS

v.                                        No. 18-4033

MARKEL AMERICAN INSURANCE COMPANY                    DEFENDANTS

### MARKEL AMERICAN INSURANCE COMPANY'S ANSWER

For its answer to plaintiff's complaint, Markel American Insurance Company ("MAIC") states:

1.      MAIC admits that plaintiff purports to state a claim for breach of contract.  MAIC denies the remaining allegations in paragraph 1 of the complaint and denies that plaintiff is entitled to any relief.

2.      MAIC admits the allegations in paragraph 2 of the complaint.

3.      MAIC admits that it is a licensed property and casualty insurer in the State of Arkansas with a business address of 4521 Highwoods Parkway, Glen Allen, VA 23060, and that its registered agent is The Corporation Company at 124, Capitol Ave., Suite 1900, Little Rock, AR 72201. MAIC denies any other allegations in paragraph 3 of the complaint.

4.      MAIC states Ark. Code Ann. § 16-13-201 and Ark. Const., Art. 7, § 11 speak for themselves and that paragraph 4 states a legal conclusion that requires no response.  MAIC denies any facts asserted against MAIC in the second paragraph 1 of the complaint.

5.      MAIC admits that Arkansas state court venue is proper in Hempstead County. MAIC denies the remaining allegations in the second paragraph 2 of the complaint.  MAIC states affirmatively that the action was removed properly and venue is proper in the United States District Court for the Western District of Arkansas.

6.      MAIC states the insurance policy, the declarations page, and the rejection forms referenced in paragraph 4 of the complaint speak for themselves.  MAIC denies that anything was attached to the complaint as Exhibit A.  MAIC denies any other allegations in paragraph 4 of the complaint.  Nonetheless, attached hereto as Exhibit A is a true and correct certified copy of policy numbered MMT00000266917 in effect from June 26, 2014 to June 26, 2015.

7.      MAIC states the declarations page referenced in paragraph 5 of the complaint speaks for itself.  MAIC denies any other allegations in paragraph 5 of the complaint.

8.      MAIC states the "Rejection of Personal Injury Protection Coverages Arkansas" referenced in paragraph 6 of the complaint speaks for itself.  MAIC denies any other allegations in paragraph 6 of the complaint.  MAIC attaches hereto as Exhibit B a true and correct copy of the "Rejection of Personal Injury Protection Coverages Arkansas."

9.      MAIC states the "Uninsured Motorists Coverage Arkansas Selection/Rejection Form" referenced in paragraph 7 of the complaint speaks for itself. MAIC denies any other allegations in paragraph 7 of the complaint.  MAIC attaches hereto as Exhibit C a true and correct copy of the "Uninsured Motorists Coverage Arkansas Selection/Rejection Form."

10.     In response to paragraph 8 of the complaint, MAIC states plaintiff's rejection of uninsured motorist coverage resulted in an automatic rejection of underinsured motorist coverage under Arkansas law and MAIC and the appropriate signed rejection form is attached as Exhibit C.  MAIC denies any additional allegations in paragraph 8 of the complaint.

11.     MAIC states the "Uninsured Motorists Coverage Arkansas Selection/Rejection Form" referenced in paragraph 9 of the complaint speaks for itself.  MAIC denies any other allegations in paragraph 9 of the complaint.

12.     MAIC lacks knowledge sufficient to admit or deny the allegations in paragraph 10 of the complaint and therefore denies the allegations.

13.     MAIC lacks knowledge sufficient to admit or deny the allegations in paragraph 11 of the complaint as to plaintiff's belief and therefore denies the allegations.  MAIC denies any other allegations in paragraph 11 of the complaint.

14.     MAIC states the "Agreement" referenced in paragraph 12 of the complaint speaks for itself.  MAIC denies any other allegations in paragraph 12 of the complaint.

15.     MAIC states the insurance policy referenced in paragraph 13 of the complaint speaks for itself.  MAIC denies any other allegations in paragraph 13 of the complaint.

16.     MAIC states the insurance policy referenced in paragraph 14 speaks for itself. MAIC denies the remaining allegations in paragraph 14 of the complaint.

17.     MAIC lacks knowledge sufficient to admit or deny the allegations in paragraph 15 of the complaint as to plaintiff's settling with the tortfeasor's liability insurance, and therefore denies the allegations.  MAIC denies any other allegations in paragraph 15 of the complaint.

18.     MAIC admits plaintiff requested a letter allowing him to settle the liability claim with the tortfeasor's liability insurance and MAIC delivered to plaintiff such a letter.  MAIC states the letter sent by MAIC speaks for itself.  MAIC denies the remaining allegations in paragraph 16 of the complaint.

19.     MAIC admits that it sent plaintiff a letter dated August 2, 2017, setting forth MAIC's coverage position.  A true and correct copy of that letter is attached hereto as Exhibit D.

20.     MAIC denies plaintiff is entitled to any of the relief requested in paragraph 18 and denies the allegations in paragraph 18 of the complaint.

21.    MAIC incorporates paragraphs 1 through 18 of this answer in response to paragraph 19 of the complaint.

22.    MAIC admits any relationship it has with plaintiff is contractual in nature.  MAIC denies any remaining allegations in paragraph 20 of the complaint.

23.    MAIC denies the allegations in paragraph 21 of the complaint.

24.    MAIC denies the allegations in paragraph 22 of the complaint.

25.    MAIC denies the allegations in paragraph 23 of the complaint.

26.    MAIC denies the allegations in paragraph 24 of the complaint.

27.    MAIC incorporates paragraph 1 through 24 of this answer in response to paragraph 25 of the complaint.

28.    MAIC admits plaintiff demands a jury trial in paragraph 26 of the complaint. MAIC denies plaintiff is entitled to any relief.

29.    In response to paragraph 27 of the complaint, MAIC admits plaintiff's claimed "damages" are less than the jurisdictional limits for federal diversity jurisdiction but denies the amount in controversy is less than $75,000 as pleaded.

30.    MAIC denies every allegation in the complaint not expressly admitted in this answer.

## AFFIRMATIVE AND OTHER DEFENSES

31.    MAIC affirmatively states plaintiff's complaint fails to state a claim upon which relief can be granted and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

32.    MAIC affirmatively states any damage suffered by plaintiff was not as a result of a covered event under the policy.

33. MAIC affirmatively states plaintiff's claims may be barred, in whole or in part, by estoppel, fraud, illegality, or waiver.

34. MAIC states plaintiff's claims may be barred in whole or in part by the failure of a condition precedent.

35. MAIC states plaintiff's claims may be barred in whole or in part for failure of consideration.

36. MAIC reserves the right to amend this answer and assert additional affirmative defenses that discovery may reveal to be appropriate.

WHEREFORE, Markel American Insurance Company prays that the Court dismiss plaintiff's complaint with prejudice and award to Markel American Insurance Company its costs, attorneys' fees, and all other appropriate relief.

QUATTLEBAUM, GROOMS & TULL PLLC
111 Center Street, Suite 1900
Little Rock, AR 72201
Telephone: (501) 379-1700
Facsimile: (501) 379-1701
cchiles@qgtlaw.com
jfalasco@qgtlaw.com
sdeloach@qgtlaw.com


By:/s/ Joseph R. Falasco
E.B. Chiles IV (96179)
Joseph R. Falasco (2002163)
Sarah E. DeLoach (2015235)

*Attorneys for Markel American Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on March 26, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to the following:

Wm. Blake Montgomery
blake@bmontgomerylaw.com

Jim A. Burke
jim@bmontgomerylaw.com

*Attorneys for Plaintiff*

/s/ Joseph R. Falasco
Joseph R. Falasco