IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JIMMY L. BROWN                                                                                    PLAINTIFF

v.                                    CASE NO. 4:18-cv-04033

MARKEL AMERICAN INSURANCE COMPANY                                    DEFENDANT

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion for Summary Judgment. ECF No. 17. Plaintiff has filed a response. ECF No. 20. Defendant has filed a reply. ECF No. 26. The Court finds this matter ripe for consideration.

### BACKGROUND

In his Complaint, Plaintiff alleges a breach of contract claim related to a motorcycle insurance policy (the "policy") issued by Defendant to Plaintiff.[1] On or about September 22, 2014, Plaintiff was involved in a motorcycle accident. The policy was in effect at the time of the accident. Plaintiff submitted to Defendant a claim for underinsured motorist benefits after the accident. ECF No. 19, ¶ 8; ECF No. 22, ¶ 2. However, Defendant disclaimed coverage, asserting that Plaintiff rejected both personal injury coverage and uninsured motorist coverage and, therefore, underinsured motorist coverage was not, and could not have been, included in the policy under Arkansas statutory law. ECF No. 19, ¶¶ 11, 12; ECF No. 22, ¶ 2.

Defendant bases its position that Plaintiff rejected underinsured motorist coverage on the receipt of the following two forms signed by Plaintiff: (1) a "REJECTION OF PERSONAL INJURY PROTECTION COVERAGE ARKANSAS" form (the "PIP Form") in which Plaintiff

---

[1] This matter was removed from the Circuit Court of Hempstead County, Arkansas, on March 12, 2018. ECF No. 1.

marked an "X" in the box indicating that he "Reject[ed] all Personal Injury Protection coverages" and (2) an "UNINSURED MOTORISTS COVERAGE ARKANSAS SELECTION/REJECTION FORM" (the "UM Form") in which Plaintiff marked an "X" in the box indicating that he "Reject[ed] Uninsured Motorists Bodily Injury and Property Damage Coverage in their entirety." *See* ECF Nos. 11-2, 11-3.

Likewise, Defendant bases its position that underinsured coverage was not—and could not have been—included in the policy on Arkansas Code Annotated §§ 23-89-209 and 23-89-403. Section 23-89-209 states, in relevant part, that:

> Underinsured motorist coverage as described in this section shall not be available to insureds nor shall insurers be mandated to offer that coverage unless the insured has elected uninsured motorist coverage as provided by § 23-89-403. . . . Underinsured motorist coverage shall not be issued without uninsured motorist coverage being issued in coordination therewith.

Ark. Code Ann. § 23-89-209(b)(1) & (2). Section 23-89-403 requires that uninsured motorist coverage be included in automobile liability insurance policies but provides that uninsured motorist coverage "shall not be applicable when any insured named in the policy has rejected the coverage in writing, and this rejection shall continue until withdrawn in writing by the insured." Ark. Code Ann. § 23-89-403(a)(2). Accordingly, Defendant contends that Plaintiff rejected uninsured motorist coverage in writing and that "Arkansas law prohibited [Defendant] from providing [Plaintiff] underinsured motorists coverage once he rejected uninsured motorist coverage." ECF No. 17, ¶ 7. It is undisputed that the policy declarations page does not reflect that the policy included uninsured or underinsured motorist coverage. ECF No. 19, ¶ 11; ECF No. 22, ¶ 1(c). Defendant further asserts that Plaintiff was not charged a premium for uninsured or underinsured motorist coverage. ECF No. 26, p. 3. Thus, Defendant argues that the Court is barred from finding that Plaintiff is entitled to underinsured motorist coverage.

2

In contrast, Plaintiff contends that the denial of coverage was erroneous. In support of this position, Plaintiff cites language included in the UM Form—which Plaintiff argues is a part of the policy. That language, found at the bottom of the form in bolded font, states as follows:

> **WARNING: If you: a) check more than one box; b) do not check any box; or c) fail to return this form, your policy will be endorsed with Uninsured Motorists coverage and Underinsured Motorists coverage with limits equal to your state's Financial Responsibility limits, for the additional premium charged.**
>
> **You MUST also complete the separate selection/rejection form for Underinsured Motorists coverage. If you fail to return the selection/rejection form for either Uninsured Motorists coverage or Underinsured Motorists coverage, your policy will be endorsed as stated in the above paragraph.**

*See* ECF No. 11-3. Plaintiff does not contest that he indicated on the UM Form that he rejected "Uninsured Motorists Bodily Injury and Property Damage Coverage in their entirety." However, Plaintiff asserts that—pursuant to the above-quoted language—in order to effectuate rejection he was required to send in both a form rejecting uninsured motorists coverage as well as a separate form concerning underinsured motorists coverage. There is no indication that Plaintiff submitted a form covering underinsured motorist benefits.[2] Accordingly, Plaintiff argues that because he failed to submit "the two rejection forms, [he] did not reject [uninsured motorist and underinsured motorist coverage] in the manner required by the policy, and he believed his policy would be endorsed with such coverage." ECF No. 20, ¶¶ 17, 20. Furthermore, Plaintiff takes the position that Arkansas law did and does not bar Defendant from providing underinsured motorist coverage.

Accordingly, in the present action, Plaintiff seeks to recover the underinsured motorist benefits Defendant denied as well as statutorily authorized penalties and fees.

---

[2] Plaintiff alleges in his Complaint that Defendant "has stated that [it] cannot produce a signed rejection form for Underinsured Motorist coverage for [Plaintiff]." ECF No. 1-1, ¶ 8.

## LEGAL STANDARD

When a party moves for summary judgment "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Supreme Court has issued the following guidelines for trial courts to determine whether this standard has been satisfied:

> The inquiry performed is the threshold inquiry of determining whether there is a need for trial—whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *see also Agristor Leasing v. Farrow*, 826 F.2d 732 (8th Cir. 1987); *Niagara of Wis. Paper Corp. v. Paper Indus. Union-Mgmt. Pension Fund*, 800 F.2d 742, 746 (8th Cir. 1986). A fact is material only when its resolution affects the outcome of the case. *Anderson*, 477 U.S. at 248. A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. *Id*. at 252.

The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *Enter. Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id*. The nonmoving party must then demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Krenik v. Cnty. of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995). A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials, but must set forth specific facts showing that there is a genuine issue for trial. *Anderson*, 477 U.S. at 256. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,

475 U.S. 574, 586 (1986). "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Nat'l. Bank of Comm. of El Dorado, Ark. v. Dow Chem. Co.*, 165 F.3d 602, 610 (8th Cir. 1999). The non-moving party "must come forward with sufficient evidence to support their claims and cannot stand on their complaint and unfounded speculation." *Id*. (internal citations omitted). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

## DISCUSSION

Defendant moves for summary judgment based on the assertion that the relief Plaintiff seeks is prohibited by relevant Arkansas statutory law. Accordingly, the question before the Court is whether relevant Arkansas statutes bar underinsured motorist coverage under the present circumstances.[3]

As noted above, Arkansas Code Annotated § 23-89-209 states, in relevant part, that:

> Underinsured motorist coverage as described in this section shall not be available to insureds nor shall insurers be mandated to offer that coverage unless the insured has elected uninsured motorist coverage as provided by § 23-89-403. . . . Underinsured motorist coverage shall not be issued without uninsured motorist coverage being issued in coordination therewith.

Ark. Code Ann. § 23-89-209(b)(1) & (2). Further, section 23-89-403 provides, in relevant part, that all automobile liability insurance policies must include uninsured motorist coverage, but that such requirement "shall not be applicable when any insured named in the policy has rejected the

---

[3] Plaintiff also argues the merits of his breach of contract claim in his response to the instant motion. Although Defendant has also touched on this issue, the Court will constrain the present opinion to the issue originally presented in the instant motion, namely, whether underinsured motorist coverage is prohibited under Arkansas statutes. That being said, it appears that the parties may agree that the merits of the underlying breach of contract claim are ripe for consideration. The Court will consider that issue when it is directly addressed by the parties and fully briefed.

coverage in writing, and this rejection shall continue until withdrawn in writing by the insured." Ark. Code Ann. § 23-89-403(a)(2). Although section 23-89-209 speaks of "electing" uninsured motorist coverage under section 23-89-403, section 23-89-403 provides that such coverage is required to be included in an automobile liability insurance policy unless rejected in writing. Accordingly, it appears that an insured "elects" uninsured motorist coverage where he fails to reject the same in writing. Furthermore, section 23-89-403 does not define what constitutes a rejection in writing or otherwise dictate a specific procedure that must be followed or form that must be completed in order to reject the contemplated coverage.

When read in conjunction, the plain statutory language of sections 23-89-403 and 23-89-209 makes clear—and the parties agree—that underinsured motorist coverage is not available where an insured has rejected uninsured motorist coverage in writing. However, the parties disagree as to whether Plaintiff rejected uninsured motorist coverage in writing as contemplated by the statute. Accordingly, this is the specific issue the Court must decide.

To support its position that Plaintiff rejected uninsured motorist coverage, Defendant relies on the receipt of the UM Form and the PIP Form, in which Plaintiff marked that he rejected uninsured motorist coverage and personal injury protection coverage. *See* ECF Nos. 11-2, 11-3. In contrast, Plaintiff argues that the relevant statutes are silent as to what constitutes a written rejection, thereby leaving that issue open to contracting by the parties. Plaintiff contends that the bolded language of the UM form mandates the procedure required for a valid written rejection as contemplated by the statutes. As noted above, that language states as follows:

> **WARNING: If you: a) check more than one box; b) do not check any box; or c) fail to return this form, your policy will be endorsed with Uninsured Motorists coverage and Underinsured Motorists coverage with limits equal to your state's Financial Responsibility limits, for the additional premium charged.**

6

> **You MUST also complete the separate selection/rejection form for Underinsured Motorists coverage. If you fail to return the selection/rejection form for either Uninsured Motorists coverage or Underinsured Motorists coverage, your policy will be endorsed as stated in the above paragraph.**

*See* ECF No. 11-3. Because Plaintiff did not complete and submit separate rejection forms for both uninsured and underinsured motorist coverage, he contends that Arkansas law does not bar relief.

Upon consideration of the parties' arguments, the Court finds that Defendant has failed to establish that Arkansas law would bar underinsured motorist coverage under the present circumstances. Although Defendant rightly notes the limitations outlined in the Arkansas Code, the statutes are silent as to what constitutes a valid written rejection of uninsured motorist coverage. The Arkansas Supreme Court has "stated an insurer may contract with its insured upon whatever terms the parties may agree upon which are not contrary to statute or public policy." *Shelter Gen. Ins. Co. v. Williams*, 867 S.W.2d 457, 458 (Ark. 1993). Accordingly, as the statutes do not require a specific procedure or means of written rejection, they leave insurance companies free to outline the procedure for an insured to reject uninsured motorist coverage in writing as required by the statute. Based on the language found in the UM Form, it appears that Defendant chose a procedure that required, essentially, a two-step written process whereby an insured was required to return two separate forms concerning uninsured and underinsured motorist coverage, respectively, in order to reject such coverage. The summary judgment record does not contain any form concerning underinsured motorist coverage. Accordingly, Defendant has failed to establish that, under the procedure outlined in the UM Form, Plaintiff rejected uninsured motorist coverage in writing as required by statute. Accordingly, Defendant has not shown that the limitations governing issuance of underinsured motorist coverage found in section 23-89-209 are applicable.

Therefore, the instant motion should be denied.

## CONCLUSION

For the foregoing reasons, the Court finds that Defendant's Motion for Summary Judgment (ECF No. 17) should be and hereby is **DENIED**.

**IT IS SO ORDERED**, this 1st day of February, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge
