IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JIMMY L. BROWN                                                                                    PLAINTIFF

v.                                            Case No. 4:18-cv-4033

MARKEL AMERICAN
INSURANCE COMPANY                                                                          DEFENDANT

**ORDER**

Before the Court is Plaintiff's Motion for Voluntary Dismissal Without Prejudice. ECF No. 55. Defendant has filed a response. ECF No. 57. The motion is ripe for the Court's consideration.

Plaintiff asks the Court to approve the dismissal of his case pursuant to Federal Rule of Civil Procedure 41(a)(2). Once a defendant has served its answer, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "When deciding whether to exercise its discretion to allow a voluntary dismissal, the 'district court should consider . . . whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the defendants.'" *Mullen v. Heinkel Filtering Sys., Inc.*, 770 F.3d 724, 728 (8th Cir. 2014) (quoting *Donner v. Alcoa, Inc.*, 709 F.3d 694, 697 (8th Cir. 2013)).

Plaintiff's stated reason for dismissal is that he intends to refile this lawsuit in the same forum to assert a nationwide class action. The Court denied Plaintiff's Motion for Leave to Amend Complaint (ECF No. 36) to add class allegations because he filed his motion after the deadline for filing a motion to amend had passed and did not show good cause to modify the scheduling order. ECF No. 54. The Court recognizes that "a party is not permitted to dismiss merely to escape an

adverse decision," but the Court is not persuaded that is the case here. *Id.* (quoting *Donner*, 709 F.3d at 697). The denial of Plaintiff's Motion for Leave to Amend Complaint was based solely on the timing of the motion and not on the merits of any of Plaintiff's claims or potential class claims. Plaintiff has stated a proper explanation for his desire to dismiss, and the Court is not convinced that he seeking to escape an adverse merits-based ruling or to seek a more favorable forum.

The Court now considers whether a dismissal would result in a waste of judicial time and effort. Defendant filed an early Motion for Summary Judgment (ECF No. 31), and this is the only motion that the Court had to extensively consider. The merits of the summary judgment motion were not extraordinarily complex, and the facts were mostly undisputed. The Court's ruling on the summary judgment motion is likely relevant to some of the potential class claims, and thus the Court's work on this case would not be wasted if this case were dismissed. Accordingly, the Court is not persuaded that a dismissal will result in a waste of judicial resources.

Defendant argues that it will be prejudiced by a dismissal of this case because of the work it has already expended on this case. In this context, legal prejudice means "something other than the necessity that defendant might face of defending another action." *Mullen*, 770 F.3d at 728 (quoting *Kern v. TXO Prod. Corp.*, 738 F.2d 968, 970 (8th Cir. 1984)). "The expense and effort of drafting and responding to discovery prior to dismissal does not constitute legal prejudice." *Mullen*, 770 F.3d at 728. The Court is mindful that Defendant has devoted some time and expense defending this lawsuit. On the other hand, it appears the parties have not engaged in extensive discovery as neither party has conducted a deposition. Further, most of the work already completed will be relevant to claims asserted in a class action. Thus, the Court concludes that a dismissal will not prejudice Defendant.

For the reasons stated above, the Court finds that dismissal without prejudice is warranted under Rule 41(a)(2). Accordingly, Plaintiff's Motion for Voluntary Dismissal Without Prejudice is **GRANTED**, and this case is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 14th day of May, 2020.

                                                   /s/ Susan O. Hickey
                                                 Susan O. Hickey
                                                 Chief United States District Judge